Dear Mr. Franklin:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on the following question:
 Can the Ward 10, City Marshal borrow money or make a loan from a bank or other financial institution without first obtaining approval from the La. Bonding Commission?
Your request references La.Rev.Stat. 39:1410.60, which in your view, implicitly excludes your office from having to obtain bond commission approval. Louisiana Revised Statute 39:1410.60 provides the following:
 § 1410.60 Approval of application; incurring indebtedness
 A. No parish, municipality, public board, political or public corporation, subdivision, or taxing district, and no road or subroad district, school district, sewerage district, drainage or subdrainage district, levee district, waterworks or subwaterworks district, irrigation district, road lighting district, harbor and terminal district, or any other political subdivision, taxing district, political or public corporation, created under or by the constitution and laws of the state shall have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt, or to levy taxes, or to pledge uncollected taxes or revenues for the payment thereof, where they are authorized by the constitution or laws of the state so to do, without the consent and approval of the State Bond Commission.
As a Lawrason Act Municipality, the Town of Bunkie is subject to the "Lawrason Act" statutes, La.Rev.Stat. 33:321, et seq. Under the Lawrason Act, the municipality is governed by a Mayor-Board of Alderman form of government with the legislative powers vested in the board of alderman and the mayor acting as the chief executive officer of the municipality.See La.Rev.Stat. 33:362. The mayor/alderman system *Page 2 
allows for checks and balances to ensure that neither the Mayor nor the Board of Alderman exceeds its authority or acts unilaterally.
La.Rev.Stat. 33:361 sets forth the municipal powers of a Lawrason Act Municipality and provides as follows:
 § 361. Municipal powers
 A. Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law.
 B. The power to perform any function necessary, requisite, or proper for the management of its affairs shall specifically include the power to levy and collect taxes and to assume indebtedness as provided by law. In this regard, the board of aldermen of a municipality may levy and collect taxes, incur debt, and issue bonds and other evidences of indebtedness as authorized by law.
La.Rev.Stat. 33:423 sets forth the duties of the City Marshal and provides as follows:
 § 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
In response to the question presented, our review of these statutes fails to reveal any authority for the City Marshal to borrow money, make a loan, or otherwise incur debt. It has been this office's opinion that the Board of Aldermen is the proper entity to incur debt, not the City Marshal. *Page 3 
For example, in Attorney General Opinion No. 01-68 we were asked whether the Chief of Police can authorize one of his officers to sign a contract or sign an open charge account that will incur monthly charges for the Town. There, we recognized that the elected Chief of Police has final authority on the day-to-day operations of his office. However, the mayor and aldermen have the sole authority to budget and appropriate money for the police department. Further, all expenditures must be provided for by the police department's budget and must comply with the provisions of La.Rev.Stat. 33:462, which requires all expenditures of municipal funds be made pursuant to a specific appropriation.
Thus, it is our opinion that no municipality may incur debt without the consent and approval of the State Bond Commission. Under the Lawrason Act, the board of alderman is the proper entity to incur debt on behalf of the municipality, not the city marshal.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt